SOL:TD
(05)01938

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,      :
United States Department of Labor,
                                         :   Civil Action File
                    Plaintiff,               No.
                                         :
             V.
                                         :   COMPLAINT
WP FORD LLC, WP CADILLAC LLC &
WP DAEWOO LLC, 401(K) PLAN,              :

                    Defendant.           :
-----------------------------------------------------------

**JUDGE BRIEANT**

**06 CV 0687**

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

**Jurisdiction, Parties and Venue**

2. Jurisdiction over this action is conferred upon the Court by § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The WP Ford, WP Cadillac & WP Daewoo LLC 401(K) Plan ("the Plan"), is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was sponsored by WP Ford LLC dba Key Ford dba Key Auto Used Car Superstore ("the Company"), an employer that employed employees covered by the Plan and was located at 80 Westchester Avenue, White Plains, New York, 10601. This Plan has been without a trustee since around June 2002, when the Company filed for bankruptcy.

1

4. Venue for this action lies in the Southern District of New York where the Plan was administered, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Factual Allegations

5. To the best of the Secretary's knowledge, information, and belief, David C. Schlakman and Hank Glantz were the administrators of the Plan and were the fiduciaries responsible for its day-to-day management and operation.

6. To the best of the Secretary's knowledge, information and belief, the Company has ceased business operations and David C. Schlakman and Hank Glantz have not been discharging their responsibilities as plan fiduciaries.

7. To the best of the Secretary's knowledge, information, and belief, the Company ceased business operations and David C. Schlakman and Hank Glantz stopped performing their fiduciary duties without ensuring the appointment of a fiduciary to oversee the distribution of the Plan's assets.

8. To the best of the Secretary's knowledge, information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

9. The Plan has not been formally terminated.

10. On information and belief, no one has been actively managing the Plan or its assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

11. The custodian of funds is The Guardian Insurance & Annuity Company, Inc. ("Guardian"). To the best of the Secretary's knowledge, information, and belief, the assets of the Plan held by Guardian have a value of approximately $182,804.00.

## Violations

12. Because of the facts and circumstances set forth in Paragraphs 5-11, above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a); and ERISA § 403(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

13. Because of the facts and circumstances set forth in Paragraph 5-11 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

## Prayer for Relief

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

A.  Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination.

B.  Provide such other relief as may be just and equitable.

Dated:   January 27, 2006
         New York, New York

                                        Respectfully submitted,

                                        HOWARD M. RADZELY
                                        Solicitor of Labor

                                        PATRICIA M. RODENHAUSEN
                                        Regional Solicitor

                                        TERRENCE DUNCAN
                                        Attorney
                                        TD (3676)

                                        U.S. Department of Labor,
                                        Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York   10014
Tel.: (212) 620-4746
FAX: (212) 337-2112

4